Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2309 | **DATE** | 4-24-12 |
| **CASE TITLE** | Jamal Sharif (a.k.a Donald Nobles) (A-88447) vs. Dr. Partha Ghosh, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized make deductions from Plaintiff's prison trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center and shall issue summons for service of the complaint by the U.S. Marshal on Defendants. The clerk shall also forward to Plaintiff a Magistrate Judge consent form and instructions as to how file documents in this case.

■[ For further details see text below.]   Docketing to mail notices

## STATEMENT

Plaintiff Jamal Sharif currently incarcerated at the Stateville Correctional Center, has filed this 42 U.S.C. § 1983 suit against Stateville Drs. Partha Ghosh, Imhotep Carter, and Bautista, as well as Wexford Health Sources President Kevin Halloren. Plaintiff alleges that he injured his knee in July 2010; that, although he received treatments for several years, including a steroid injection and a brace, the above listed doctors refused to refer him to a specialist outside of the prison and refused to recommend surgery. Plaintiff states that the doctors' decisions not to refer him to a specialist and recommend surgery is pursuant to a policy of Wexford (the company contracted to provide medical services to Illinois inmates) to deny such treatment for inmates.

Plaintiff's *in forma pauperis* ("IFP") reveals that he cannot pre-pay the $350 filing fee. The Court grants the motion and assesses an initial filing fee of $6.40. The trust fund officer Plaintiff's place of confinement shall collect the partial filing fee from Plaintiff's trust fund account, when funds are available, and pay it to the clerk of court. Thereafter, the trust fund officer shall collect monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. Plaintiff shall remain obligated for this filing fee and Stateville officials shall notify transferee authorities of any outstanding balance in the even Plaintiff is transferred.

The Court has conducted a preliminary review as required under 28 U.S.C. § 1915A. The above described allegations state colorable claims against the Defendants. *See Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (the failure to refer an inmate to a specialist for a prolonged and deteriorating medical condition can constitute deliberate indifference); *see also Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009) (a private corporation (like Wexford) may be held liable for policies or customs that violate constitutional rights) Plaintiff may thus proceed with his claims against the Defendants.


## STATEMENT

The United States Marshals Service is appointed to serve Defendants Dr. Ghosh, Dr. Carter, Dr. Bautista, and Wexford President Kevin Halloran. Any forms necessary for the Marshal to serve Defendants shall be forwarded to Plaintiff. His failure to return the forms may result in the dismissal of the Defendants. With respect to former employees who no longer can be found at Stateville Correctional Center or at Wexford, officials there shall provide the Marshal with Defendants' last-known addresses. The information shall be used only for purposes of effectuating service, or to show proof of service and documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail requests for waivers of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain waivers, the Marshal shall attempt to serve Defendants with personal service.

Plaintiff is instructed to file all future papers concerning this case with the Clerk of Court in care of Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. Also, he must send an exact copy of any court filing to Defendants, or their attorney once one enters an appearance. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the Plaintiff.